| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

MIGUEL SANCHEZ PULIDO, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 1:23-CV-309
§
ALLSTATE VEHICLE AND PROPERTY §
INSURANCE COMPANY, §
§
    Defendant. §

## MEMORANDUM AND ORDER

Pending before the court is Defendant Allstate Vehicle and Property Insurance Company's ("Allstate") Motion to Partially Strike Plaintiff Miguel Sanchez Pulido's ("Pulido") Complaint (#6). Allstate contends that portions of Pulido's Complaint (#1) are immaterial and irrelevant and thus may be stricken pursuant to Federal Rule of Civil Procedure 12(f). Pulido filed a response (#8) in opposition, and Allstate filed a reply (#9). Having considered the motion, the parties' submissions, the pleadings, and the applicable law, the court is of the opinion that Allstate's motion should be denied.

Pulido's home was damaged by a chemical plant explosion in November 2019, and he promptly filed a claim against his homeowners insurance policy, which was issued by Allstate. Pulido contends that Allstate failed to investigate his claim adequately and, as a result, improperly refused to pay his claim. In his complaint, Pulido asserts, among other things, that in the early 1990s, Allstate, with the assistance of the consulting company McKinsey & Company, created a claims handling system that was designed to undervalue homeowner and other first-party insurance claims as well as deter plaintiffs' attorneys from challenging these denials. Pulido contends that

this claims handling process is properly titled the "Claims Core Process Redesign" ("CCPR"). Importantly, Pulido alleges that Allstate used this same claims handling system when evaluating and denying his claim. Nonetheless, Allstate argues that this material is "irrelevant" to Pulido's claims and detracts from the "real issues in this litigation." In Allstate's view, the "real issues" in this case involve only "whether or not [Pulido's] property was damaged, and if so, the value owed under the policy." For this reason, Allstate asks the court to strike from Pulido's complaint paragraphs 18-44 and 75-96.

As noted above, however, Pulido's view of this case is much different from Allstate's. From his perspective, not only does this case involve an alleged improper refusal to pay his claim, but Pulido also asserts claims for common law fraud, fraud by nondisclosure, and fraud in an insurance policy. Part of Pulido's theory supporting these fraud claims is his assertion that Allstate handled his insurance claim pursuant to the "policies, procedures, and goals" of the claims handling system that Allstate crafted decades ago—that is, the CCPR.

Federal Rule of Civil Procedure 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Rule 12(f) motions to strike are disfavored, as "striking a portion of a pleading is a drastic remedy." 5C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1380 (3d ed. 2024). As a result, a "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953)); *see United States v. Coney*, 689 F.3d 365, 379 (5th Cir. 2012). Importantly, a Rule 12(f) motion "is neither an authorized

nor a proper way to procure the dismissal of all or a part of a complaint." WRIGHT & MILLER, *supra*; *see U-Save Auto Rental of Am., Inc. v. Moses*, No. 1:02CV689GURO, 2005 WL 8170057, at *1 (S.D. Miss. Feb. 24, 2005). Material in a complaint that is "directly relevant to the controversy at issue" and at least "minimally supported in the record" should not be stricken. *Coney*, 689 F.3d at 380.

Allstate asks the court to strike two large sections of Pulido's complaint. One of these sections contains background material relating to the claims handling system Pulido asserts that Allstate used to his detriment, while the second section contains three fraud claims asserted against Allstate that are rooted in the information contained in the background section. These sections are plainly relevant to the controversy. As an initial matter, Allstate mistakenly asserts that Pulido "alleges that, while these ideas [regarding the claims handling system] are not currently in use, they may have influenced current claims handling policies." To the contrary, Pulido repeatedly asserts in his complaint that Allstate currently uses the same claims handling system that it created years ago and used it when handling and denying Pulido's claim.

Next, Allstate avers that these sections should be stricken because they are "completely immaterial to a general homeowner's insurance dispute like the one at issue in this suit." The question, however, is not whether this material is relevant to a general homeowner's claim but whether it is material to the subject matter of Pulido's lawsuit. *See id.* at 380; *Augustus*, 306 F.2d at 868; WRIGHT & MILLER, *supra*. Allstate's contention that three of Pulido's causes of action should be stricken, paragraphs 75-96, is telling. The assertion that three of Pulido's claims are irrelevant to this litigation is paradoxical. A plaintiff may assert any claims he believes are supported by the facts of his case. Rule 12(f) does not allow a defendant the ability to assist the

3

plaintiff in writing (or editing) his complaint. Allstate may think that these claims are without merit, unnecessary, or distasteful, but that does not equate to immateriality or irrelevance.

Moreover, while Allstate accurately points out that "Rule 12(f) is 'designed to reinforce the requirement in Rule 8[(d)] that pleadings be simple, concise, and direct,'" *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000) (quoting WRIGHT & MILLER, *supra*), the claimed offending sections of a pleading must still run afoul of Rule 12(f) to warrant removal. As discussed above, the sections of Pulido's complaint identified by Allstate do not violate Rule 12(f). Furthermore, the discovery cases Allstate cites do not support its view that portions of Pulido's complaint should be stricken. *See In re Allstate Vehicle & Prop. Ins. Co.*, No. 09-22-00023-CV, 2022 WL 1110380, at *2 (Tex. App.—Beaumont Apr. 14, 2022, no pet.); *see also Nava v. Allstate Tex. Lloyds*, No. 1:20-CV-415, 2021 WL 7906872, at *6-9 (E.D. Tex. July 14, 2021). The scope of permitted discovery in similar but distinct lawsuits provides little (if any) insight into what portions of a pleading violate Rule 12(f). Indeed, the allegations in a plaintiff's complaint inform the scope of discovery—not the other way around. *See* FED. R. CIV. P. 26(b). Nonetheless, unlike the case at bar, in *In re Allstate Vehicle & Property Insurance Co.*, the plaintiff "concede[d] . . . that Allstate no longer use[d] CCPR terminology in its claims handling process" and "did not tailor her request to documents that were in effect when [her] claims arose." 2022 WL 1110380, at *2. As a result, the court determined that the plaintiff's discovery request for documents dating back to the mid-1990s was overbroad. Even so, while a discovery request seeking such outdated documents may have been overbroad, the allegations regarding Allstate's practices and systems in the mid-1990s were still relevant to the plaintiff's lawsuit. In fact, had the request been for documents in use at the time the plaintiff's claim accrued, it appears that the request would have

been properly tailored. Importantly, none of the allegations involved in the discovery dispute in *In re Allstate Vehicle & Property Insurance Co.* appears to call into question the relevance of any of the plaintiff's assertions about the CCPR system.

Thus, for the foregoing reasons, Allstate's Motion to Partially Strike Pulido's Complaint (#6) is DENIED.

SIGNED at Beaumont, Texas, this 3rd day of April, 2024.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE